IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RUSSELL STEWART,                    )
                                    )
Plaintiff,                          )        Civ. No. 04-1200-SLR
                                    )
v.                                  )
                                    )
STATE OF DELAWARE,                  )
DEPARTMENT OF PUBLIC SAFETY,        )
CAPITOL POLICE,                     )
                                    )
                    Defendants      )


# DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT


                              __/s/ Patricia D. Murphy_____
                              Patricia D. Murphy (#3857)
                              Deputy Attorney General
                              820 N. French Street
                              Wilmington, DE  19801
                              (302) 577-8914


DATED:    November 30, 2005

**TABLE OF CONTENTS**

Page

Table of Citations . . . . . . . . . . . . . . . . . . . ii

Nature and Stage of the Proceedings  . . . . . . . . . . . 1

Summary of the Argument  . . . . . . . . . . . . . . . . . 2

Statement of Facts . . . . . . . . . . . . . . . . . . . . 3

Argument . . . . . . . . . . . . . . . . . . . . . . . . . 5

       I.   PLAINTIFF HAS FAILED TO PRODUCE FACTS
           SUFFICIENT TO DEFEAT SUMMARY JUDGMENT
           UNDER ARGUMENTS SET FORTH UNDER
           TITLE VII . . . . . . . . . . . . . . 5

      II.  ASSUMING, ARGUENDO, PLAINTIFF CAN
           MAKE A PRIMA FACIE CASE OF
           DISCRIMINATION, PLAINTIFF HAS FAILED TO
           PRODUCE DIRECT EVIDENCE OF
           DISCRIMINATION SUFFICENT TO DEFEAT
           SUMMARY JUDGMENT. . . . . . . . . . . 12

Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . 18

## TABLE OF CITATIONS

<u>Page</u>

*Anderson v. Liberty Lobby, Inc.,*
477 U. S. 242, 249 (1986) . . . . . . . . . . . . . . . 5, 6

*Bullock v. Children's Hospital of Phila.,*
71 F. Supp. 2d 482, 485 (E.D. Pa. 1999) . . . . . . . . . 16

*Celotex Corp. v. Catarett,*
477 U. S. 317,324,325 (1986) . . . . . . . . . . . . . . 5

*Ezold v. Wolf, Block, Schorr & Solis-Cohen,*
*983 F. 2d 509, 531 (3d Cir. 1992)* . . . . . . . . . . . 15

*Fuentes v. Perskie,*
32 F.3d 759, 763 (3d Cir.1994). . . . . . . . . . . . . 13-15

*King v. City of Philadelphia,*
Civ. A. No. 99-6303, 2002 WL 1277329 at *9
(E.D. Pa. June 4, 2002). . . . . . . . . . . . . . . . . 12

*McDonell Douglas Corp. v. Green,*
411 U.S. 792, 802 (1973). . . . . . . . . . . . . . . 12, 13

*Pivirotto v. Innovative Sys., Inc.,*
191 F.3d 344, 356 (3d Cir.1999). . . . . . . . . . . . . 6, 7

*St. Mary's Honor Society v. Hicks,*
509 U.S. 502, 506 n.1 (1983) . . . . . . . . . . . . . . 12

*Sarullo v. United States Postal Service,*
352 F.3d 789, 798 (3d Cir.2003). . . . . . . . . . . . . 12

*Torre v. Casio, Inc.,*
42 F 3d 825, 829 (3d Cir. 1994). . . . . . . . . . . . . 16

*Weldon v. Kraft,*
896 F.2d 793, 797 (3d Cir.1990) . . . . . . . . . . . . 12

## NATURE AND STAGE OF THE PROCEEDINGS

On or about March 27, 2003, Plaintiff filed a Charge of Discrimination with the Delaware Department of Labor.  On March 31, 2004, the Delaware Department of Labor closed its file without finding that any discrimination occurred, and transferred the file to the EEOC at the request of the Plaintiff.  On July 23, 2004, the EEOC issued a Right to Sue letter, without finding that any discrimination occurred.

On August 25, 2004, Plaintiff filed a Complaint Under Title VII of the Civil Rights Act of 1964, alleging that he suffered employment discrimination by the Defendants on March 3, 2003 when the Defendants failed to employ the Plaintiff.  Plaintiff alleges that this discriminatory conduct is with respect to his race and asks this Court to award all relief that is appropriate, including injunctive orders, damages, costs and attorney's fees.

This is the Defendants' Motion for Summary Judgment on all counts.

**SUMMARY OF THE ARGUMENT**

1.    Summary judgment in favor of the Defendants is appropriate as to all counts of the Complaint because the Plaintiff has not been able to produce sufficient evidence to make a *prima facie* case of discrimination.  The Plaintiff cannot prove that he was qualified for the position he sought, and he cannot prove that other employees not in his protected class were treated better than he.

2.    Summary judgment in favor of the Defendants is appropriate as to all counts of the Complaint because even if it is assumed that the Plaintiff can make a *prima facie* case of discrimination, the Plaintiff cannot produce any direct evidence of discrimination necessary to meet his difficult burden of proof.

## STATEMENT OF FACTS

In August of 2002, Plaintiff began working for the Defendants as a Capitol Police Security Guard.  In early 2003, Plaintiff applied for the position of Capitol Police Officer III.  This would have been a promotion from the Plaintiff's Security Guard position.  The minimum qualifications required for the position of Police Officer III were:  Possession of a high school diploma or GED certificate, Possession of a State of Delaware Council on Police Training Certificate or equivalent, Minimum of three years experience as a certified police officer, Knowledge of the principles and practices of training, and Ability to communicate effectively.  *See* State of Delaware Class Series Description at 3 (Appendix A-3).

The Plaintiff applied for this position.  The Plaintiff did not possess a State of Delaware Council on Police Training Certificate at the time he applied for the position of Police Officer III.  An "equivalent" certificate would be a certificate from another State Police Academy held by an applicant that had worked in a certified police officer position within the past five years.  *See* Deposition of Captain Hunt at 11, 16-22 (Appendix A-7, A-8 to A-14).  Although the Plaintiff did have a certification from the State of Pennsylvania, he had not worked in a certified officer position since 1995, eight years before

3

he applied for the Police Officer III position.  He therefore did not possess an "equivalent" certificate to the Delaware Council on Police Training certificate and did not meet the minimum qualification requirements for this position at the time he applied.   Because he was not qualified, the Plaintiff was not offered an interview for the position of Police Officer III.

Contrary to the allegations of the Plaintiff, it is not the case that only white employees were interviewed for this position of Police Officer III.  In fact, interviews were offered to nine persons.  These interviews were offered to eight males and one female, four African American and five Caucasian. Four interviewees failed to appear, and five people were interviewed.  Of the five interviewed, one African American male was interviewed, one African American female was interviewed and three Caucasian males were interviewed.  *See* Defendants Answers to Interrogatories, E-mail of March 21, 2003 (Appendix A-6) and Deposition of Captain Hunt at 33-35 (Appendix A-15 to A-17).

On March 19, 2003, Plaintiff voluntarily resigned his position with the Capitol Police.  *See* Plaintiff's resignation letter dated March 19, 2003 (Appendix A-5).

## ARGUMENT

I.   PLAINTIFF HAS FAILED TO PRODUCE FACTS SUFFICIENT TO DEFEAT
     SUMMARY JUDGMENT UNDER ARGUMENTS SET FORTH UNDER
     TITLE VII

     A. <u>Summary Judgment Legal Standard.</u>

     Under a Rule 56 Summary Judgment motion, the moving party
bears the initial responsibility of informing the Court of the
basis for its motion, and identifying those portions of the
materials, which it believes demonstrates the absence of a
genuine issue of material fact.  The moving party is not
required to negate the nonmovant's claim, but is only required
to point out the lack of evidence supporting the nonmovant's
position.  This shifts the burden to the nonmovant to go beyond
the mere allegations or denials and designate "specific facts
showing that there is a genuine issue for trial." *Celotex Corp.
v. Catarett,* 477 U. S. 317,324,325 (1986).

     In determining whether there is a triable dispute of
material fact, the Court must construe all inferences from the
underlying facts in favor of the nonmovant.  However, the mere
existence of some evidence in support of nonmovant's position
will not be sufficient to defeat the motion; there must be
enough evidence to enable a jury to reasonably find for the
nonmovant on that issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.
S. 242, 249 (1986).  Thus, if the evidence is "merely

colorable, or is not significantly probative," summary judgment
may be granted. *Id.*

Summary judgment is appropriate in this case because
Plaintiff cannot establish a genuine issue of material fact that
requires resolution by a jury.  In this employment
discrimination case, the material issue is whether Plaintiff was
denied the promotional opportunity in March of 2003 because he
is African American.  Plaintiff applied for a promotion to
Capitol Police Officer III.  He did not meet the minimal
qualification requirements for this position and was not granted
an interview therefore.  The Plaintiff cannot make a *prima facie*
case of discrimination.

To establish a *prima facie* case of discrimination, a
plaintiff must demonstrate that (1) he or she is a member of a
protected class; (2) he or she is qualified for the sought after
position; (3) he or she suffered an adverse employment action;
and (4) similarly situated non-members of the protected class
were treated more favorably than he or she, or the circumstances
of his or her termination give rise to an inference of
discrimination. *Pivirotto v. Innovative Sys., Inc.,* 191 F.3d
344, 356 (3d Cir.1999).  The Plaintiff cannot provide evidence
that he was qualified for the sought after position, nor can he
provide evidence of any adverse employment action or that any

non-member of the protected class was treated more favorably.
Summary judgment on all counts is appropriate.


      B.    <u>Plaintiff has failed to produce evidence that he was
qualified for the sought after position.</u>


The Defendants concede that the Plaintiff is a member of a
protected class. In order to prove a *prima facie* case of
discrimination under Title VII, the Plaintiff must next prove
that he was qualified for the position he sought. *Pivirotto,
supra.* In January of 2003, the Plaintiff was employed by the
Defendants as a Security Officer with the Capitol Police.
During this time, a Police Officer III position became available
with Capitol Police. This would be a promotion from the
Plaintiff's position of Security Officer. The minimum
qualifications required for the position of Police Officer III
were: Possession of a high school diploma or GED certificate,
Possession of a State of Delaware Council on Police Training
Certificate or equivalent, Minimum of three years experience as
a certified police officer, Knowledge of the principles and
practices of training, and Ability to communicate effectively.
*See* State of Delaware Class Series Description at 3 (Appendix A-
3).

The Plaintiff applied for this position.[1]  The Plaintiff did not possess a State of Delaware Council on Police Training Certificate at the time he applied for the position of Police Officer III.  An "equivalent" certificate would be a certificate from another State Police Academy held by an applicant that had worked in a certified police officer position within the past five years.  *See* Deposition of Captain Hunt at 11, 16-22 (Appendix A-7, A-8 to A-14).  Although the Plaintiff did have a certification from the State of Pennsylvania, he had not worked in a certified officer position since 1995, eight years before he applied for the Police Officer III position.  He therefore did not meet the minimum qualification requirements for this position at the time he applied.

The Plaintiff did receive a letter from Human Resources, indicating that he was qualified for the position of Police Officer III.  This letter was sent by a Human Resources technician, Taja Jones.   This letter was sent in error, as the Plaintiff did not possess the minimum qualifications necessary for the position.  Ms. Jones testified at her deposition that she sent that letter based on her evaluation of the Plaintiff's application and resume, cross-referenced with a qualification sheet she reviewed.  *See* Deposition of Taja Jones at 5 (Appendix

---

[1]  Although his Complaint alleges discrimination in failing to employ the Plaintiff, it is assumed that the allegation is actually failure to promote.

A-18).  However, Ms. Jones did not have the Council on Police
Training certification requirements available to her.  *See Id.*
Further, Ms. Jones was not familiar with the eligibility
requirements regarding how long an applicant could be not
working as a certified officer, and still be considered a
certified officer.  *See* Deposition of Taja Jones at 13 (Appendix
A-20).  The ultimate decision-maker on issues of whether or not
an applicant met the minimum requirements of a Police Officer
position was Captain Hunt.  *See* Deposition of Taja Jones at 11
(Appendix A-19).  In this case, as soon as Captain Hunt became
aware that Human Resources erroneously informed the Plaintiff
that he was qualified, Captain Hunt alerted them that this was a
mistake, and the Plaintiff was not qualified because he had been
out of certified police work for too long.  *See* Taja Jones at
14-16 (Appendix A-21 to A-23).  As soon as Human Resources
learned of their mistake, they sent the Plaintiff a second
letter, indicating that he was not qualified for the position.
*See* Taja Jones at 15 (Appendix A-22).


    C.   <u>Plaintiff has failed to produce evidence that non-
        members of his protected class were treated more
        favorably than he</u>

Including the Plaintiff's, Capitol Police collected thirty-
one applications for the position of Capitol Police Officer III
from July 1, 2002 until June 30, 2003.  Of these applicants, 12

men reported they were African American, 2 men reported they
were Hispanic, 14 men reported they were Caucasian, and one man
reported his race as "Other."  Of these same thirty-one
applicants, one female indicated she was African American and
one female indicated she was Caucasian.  *See* Defendants' Answers
to Interrogatories.

On or about March 20, 2003, interviews were offered to nine
applicants for the position of Capitol Police Officer III.
These interviews were offered to eight males and one female,
four African American and five Caucasian.  Four interviewees
failed to appear, and five people were interviewed.  Of the five
applicants interviewed, one African American male was
interviewed, one African American female was interviewed and
three Caucasian males were interviewed.  *See* Defendants' Answers
to Interrogatories, E-mail of March 21, 2003 (Appendix A-6) and
Deposition of Captain Hunt at 33-35 (Appendix A-15 to A-17).
The Plaintiff will not be able to make a *prima facie* showing
that he was not granted an interview due to his race.  Of the
nine people offered interviews, four reported their race as
African American, the same as the Plaintiff's.  Of the five
interviews that went forward, two interviewees reported their
race as African American.  Contrary to the claim of the
Plaintiff that only white employees were granted interviews,

10

four African Americans were offered interviews, and two of these applicants reported for interviews.

When asked in discovery to identify any non-member of his protected class that was treated more favorably than he, the Plaintiff identified only Darryl Hervey, another African American male. *See* Plaintiff's Answers to Interrogatories. The Plaintiff has not been able to provide the name of a single, non-African American, employee who was treated more favorably than he. The Plaintiff is not able to make the requisite *prima facie* case of discrimination.

II.  ASSUMING, ARGUENDO, PLAINTIFF CAN MAKE A PRIMA FACIE CASE
     OF DISCRIMINATION, PLAINTIFF HAS FAILED TO PRODUCE DIRECT
     EVIDENCE OF DISCRIMINATION SUFFICENT TO DEFEAT SUMMARY
     JUDGMENT

     The United States Supreme Court in *McDonell Douglas Corp.
v. Green,* 411 U.S. 792, 802 (1973), set forth a three-step
burden shifting analysis for Title VII racial discrimination
claims. *See St. Mary's Honor Society v. Hicks,* 509 U.S. 502, 506
n.1 (1983) (stating that the *McDonnell Douglas* framework applies
to both Title VII and §1983 discrimination claims). First, the
plaintiff has the initial burden of establishing a *prima facie*
case of racial discrimination. *See McDonnell Douglas,* 411 U.S.
at 802. This is done by showing that the plaintiff: 1) is a
member of a protected class; 2) was qualified for the position;
3) suffered an adverse job action; and 4) was treated
differently than employees who are not members of his protected
class. *King v. City of Philadelphia,* Civ. A. No. 99-6303, 2002
WL 1277329 at *9 (E.D. Pa. June 4, 2002) (applying the *McDonell
Douglas* test to a race discrimination claim by a police officer
who was terminated from employment), *aff'd* by 2003 WL 1705967
(3d Cir. Apr. 1, 2003); *see also Weldon v. Kraft,* 896 F.2d 793,
797 (3d Cir.1990). Whether the plaintiff has established a *prima
facie* case of discrimination is a question of law for the court.
*Sarullo v. United States Postal Service,* 352 F.3d 789, 798 (3d
Cir.2003).

If the plaintiff establishes a *prima facie* case of racial discrimination, the burden shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for the employment decision. *McDonnell Douglas,* 411 U.S. at 802. "The employer satisfies its burden of production by introducing evidence which, if taken as true, would permit the conclusion that there was a non-discriminatory reason for the unfavorable employment decision." *Fuentes v. Perskie,* 32 F.3d 759, 763 (3d Cir.1994). If the employer meets its "relatively light" burden by articulating a legitimate reason for the employment decision, the burden shifts back to the plaintiff to show "by a preponderance of the evidence" that the nondiscriminatory reason offered by the employer was a mere pretext for racial discrimination. *See Id.* (citing *McDonnell Douglas,* 411 U.S. at 802).

A.    Legal Standard for Pretext Racial Discrimination Under *Fuentes v. Perskie*

Plaintiff has asserted a racial discrimination claim against his employer.  Assuming that the Plaintiff can prove that he did not receive an interview because of his protected status, the presumption of discrimination will attach and shift the burden to the employer.  The employer satisfies its burden of production by introducing evidence which, taken as true,

13

would permit the conclusion that there was a non-discriminatory reason for the unfavorable employment decision. *Fuentes v. Perskie*, 32 F.3d 759,763(3d Cir.1994).  The employer need not prove that the tendered reasons actually motivated its behavior, as throughout this burden-shifting paradigm the ultimate burden of proving intentional discrimination always rests with plaintiff.  Once the employer answers its relatively light burden by articulating the legitimate reason for the unfavorable employment decision, the burden of production rebounds to the plaintiff who must show by a preponderance of the evidence that the employer's explanation is pretext for discrimination. *Id. 763.*

The Court in *Fuentes* established the standards necessary for Plaintiff to withstand summary judgment after the employer has proffered a legitimate non-discriminatory reason for its employment action.  Plaintiff generally must submit evidence, which casts sufficient doubt upon each proffered reason so that the fact finder could reasonably conclude that each reason was a fabrication.  Alternatively, Plaintiff must submit evidence, which allows the fact finder to infer that discrimination was more likely than not a motivation or determinative cause of the adverse employment action. *Id. 760*

To discredit the employer's proffered reasons, plaintiff cannot simply show that the employer's decision was wrong or

mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer's decision not whether the employer is wise, shrewd, prudent or competent. While this standard places a difficult burden on the plaintiff, it arises from the inherent tension between the goal of all discrimination law and our society's commitment to free decision making by the private sector in economic affairs. *Ezold v. Wolf, Block, Schorr & Solis-Cohen,* 983 F. 2d 509, 531 (3d Cir. 1992).

The standard set forth in *Fuentes* allows a plaintiff in a discrimination case to maintain a cause of action through appropriate discovery stages. This affords plaintiff an opportunity to examine the employer's proffered reasons for the employment decision which adversely affected him and permits plaintiff a meaningful opportunity to develop the evidence necessary to defeat a summary judgment motion. However, the Court distinguished the burdens of parties in a discrimination case by referring to the employer's burden as light and plaintiff's burden as difficult. *Fuentes at 763*; *Ezold, supra.*

B.    Plaintiff Has Failed to Prove Direct Evidence of
       Discrimination

Plaintiff alleges direct evidence of racial discrimination in the decision not to grant him an interview for the position of Police Officer III.  In order for evidence to be direct

15

evidence, it must prove the existence of the fact in issue without inference or presumption. *Torre v. Casio, Inc.,* 42 F 3d 825, 829 (3d Cir. 1994). Direct evidence is overt or explicit evidence which directly reflects the discriminatory animus by the decision maker. *Bullock v. Children's Hospital of Phila.*, 71 F. Supp. 2d 482, 485 (E.D. Pa. 1999). Plaintiff has alleged that he was qualified for the position of Police Officer III. However, he was not qualified as Captain Hunt explained during his deposition. Plaintiff has alleged that Officer Booker will testify that no African Americans were interviewed for the position of Police Officer III. However, the evidence shows that four African Americans were offered interviews, and two African Americans were interviewed for the position. Further, Officer Booker was not involved in the decision to grant interviews to particular applicants and not others. Officer Booker was not on the selection committee that conducted the interviews, nor was he in a supervisory position over any of the applicants at the time the interview selection process was conducted. Plaintiff's "direct evidence" will not prove the fact at issue, which is racial discrimination or discriminatory animus because the Plaintiff is African American.

The Plaintiff fails to provide any facts to prove that the employer's legitimate non-discriminatory reason for the employment decision was pretextual. The employer did not grant

the Plaintiff an interview because he did not possess the
minimum qualifications required for the position.    The employer
did offer interviews to four African American applicants, and
two African American applicants reported for their interviews.
The Plaintiff has not been able to produce any direct evidence
of discrimination to meet his difficult burden.

**CONCLUSION**

Having reviewed the record for evidence of racial discrimination, the question presented to the Court is first whether the Plaintiff can prove that he was qualified for the position for which applied.  Next, the Court must find that the Plaintiff can prove that others, not in his protected class, were treated better than he.  Finally, the Court must find that the Plaintiff can provide facts sufficient to create a genuine issue of material fact to defeat the employer's proffered reasons for not granting him an interview.  Despite over five months of discovery, three depositions and countless interrogatories and requests for production, the Plaintiff has not come up with any direct evidence of discrimination.  Summary judgment in favor of Defendants on all claims is appropriate.


__/s/ Patricia D. Murphy_____
Patricia D. Murphy (#3857)
Deputy Attorney General
820 N. French Street
Wilmington, DE  19801
(302) 577-8914

18