IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUSSELL STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 04-1200-SLR |
| | ) | |
| STATE OF DELAWARE, | ) | |
| DEPARTMENT OF PUBLIC SAFETY | ) | |
| CAPITOL POLICE | ) | |
| | ) | |
| Defendants | ) | |

PLAINTIFF'S ANSWERING BRIEF IN
RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

/s/ R. Stokes Nolte
R. Stokes Nolte, Esquire (#2301)
1010 N. Bancroft Parkway, Suite 21
Wilmington, DE 19805
(302) 777-1700
Attorney for Russell Stewart

Date: 12-12-05

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| TABLE OF CITATIONS | ii |
| NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| SUMMARY OF THE ARGUMENT | 2 |
| STATEMENT OF FACTS | 3 |
| ARGUMENT | |
| I. PLAINTIFF HAS BEEN ABLE TO PRODUCE SUFFICIENT EVIDENCE TO MAKE A *PRIMA FACIE* CASE OF DISCRIMINATION | 5 |
| II. PLAINTIFF CAN POINT TO EVIDENCE OF DISCRIMINATION SUFFICIENT TO DEFEAT SUMMARY JUDGMENT | 9 |
| CONCLUSION | 11 |

## TABLE OF CITATIONS

CASES                                                                                                    PAGE

*Fuentes v Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)..............................................................9

*Harper v. Russell*, 836 A.2d 513, 514 (Del.Supr. 2003)........................................................5

*Nack v. Charles A. Wagner Co. Inc.*, 803 A.2d 428, 429 (Del.Super. 2002).........................5

*Pivirotto v. Innovative Sys. Inc.*, 191 F.3d 344, 356 (3d Cir. 1999)......................................5

STATUTES
11 *Del C.* § 8404 (a)(18)..........................................................................................................6

## NATURE AND STAGE OF THE PROCEEDINGS

On or about March 27, 2003, Plaintiff filed a Charge of Discrimination with the Delaware Department of Labor. On March 31, 2004, the Delaware Department of Labor transferred the file to the EEOC at the request of the Plaintiff. On July 23, 2004, the EEOC issued a Right to Sue Letter.

On August 25, 2004, Plaintiff filed a Complaint under Title VII of the Civil Rights Act of 1964, alleging that he suffered employment discrimination by the Defendants on March 3, 2003 when the Defendants failed to employ the Plaintiff. Plaintiff alleges that this discriminatory conduct is with respect to his race and asks this Court to award all relief that is appropriate, including injunctive orders, damages, costs, and attorney's fees.

This is Plaintiff's Response to Defendant's Motion for Summary Judgment on all counts.

## SUMMARY OF THE ARGUMENT

1. Summary Judgment in favor of Defendants is not appropriate as to any count of the Complaint because Plaintiff has been able to produce sufficient evidence to make a *prima facie* case of discrimination. Plaintiff can prove he is a member of a protected class. Plaintiff can prove that he was qualified for the position he sought. He can prove that he suffered an adverse employment action. Finally, Plaintiff can prove that a similarly situated non-member of a protected class was treated more favorably.

2. Summary Judgment in favor of Defendants is not appropriate as to any count of the Complaint because even if Plaintiff had been able to produce sufficient evidence to make a *prima facie* case of discrimination, Plaintiff can point to evidence from which the fact finder could reasonably either 1) disbelieve the employer's articulated reasons or 2) believe that an invidious discrimination reason was more likely than not a motivating or determinative cause of the employer's action.

## **STATEMENT OF FACTS**

In August of 2002, Plaintiff began working for the Defendants as a Capitol Police Security Guard. In early 2003, Plaintiff applied for the position of Capitol Police Officer III. This would have been a promotion from the Plaintiff's Security Guard position. The minimum qualifications required for the position of Police Officer III were: Possession of a high school diploma or GED Certificate, Possession of a State of Delaware Council on Police Training Certificate or equivalent, Minimum of three years experience as a certified police officer, Knowledge of the principles and practices of training, and Ability to communicate effectively.

The Plaintiff applied for this position. The Plaintiff met the minimum skills listed for this position. He had possession of a high school diploma or GED certificate. He had possession of a State of Delaware Council on Police Training Certificate or equivalent. Plaintiff possessed a Pennsylvania Training Certificate. Plaintiff worked as a certified police officer for well more than three years in several different locations. Plaintiff has knowledge of the principles and practices of training and the ability to communicate effectively.

Plaintiff's application had gone through a screening process of two steps. It was reviewed by the Senior Human Resources Technician and then sent to the Human Resources Specialist for final approval. Once approved there the letters announcing that a candidate was qualified was sent out with their score. Plaintiff received a letter in the mail from Angela Johnson, Senior Human Resources Technician, saying that he was qualified for the position of Capitol Police Officer III with a score of 95 out of a possible 100. However, after receiving his letter of qualification, Plaintiff was not scheduled for an interview. Subsequently, Defendant made a "determination" that Plaintiff was not qualified. Plaintiff was never given an opportunity to explain or rebut Defendant's determination

of his qualifications.

On March 19, 2003, Plaintiff voluntarily resigned his position with the Capitol Police as a result of the application review process and being denied an interview after being told he was qualified. Defendant hired a Caucasian male for the position sought by the Plaintiff.

**ARGUMENT**

**I.    FACTS SUFFICIENT TO DEFEAT SUMMARY JUDGEMENT UNDER ARGUMENTS SET FORTH UNDER TITLE VII**

**A.    Summary Judgment Legal Standard**

Under a Rule 56 Summary Judgment Motion, the Court must view all of the material facts and the reasonable inferences arising from them in a light most favorable to the non-moving party. *See Nack v. Charles A. Wagner Co. Inc.*, 803 A.2d 428, 429 (Del.Supr 2002). A fact is "material" if a reasonable person would "attach importance to [it] in determining his choice of action in the transaction in question. *Harper v. Russell*, 836 A.2d 513, 514 (Del.Supr. 2003). Summary Judgment is not appropriate in this case because Plaintiff can establish a genuine issue of material fact that requires resolution by a jury. In this employment discrimination case, the material issue is whether Plaintiff was denied the promotional opportunity in March of 2003 because he is African American. Plaintiff applied for a promotion to Capitol Police Officer III. He did meet the minimal qualification requirements for this position, but was not granted an interview. The Plaintiff can make a *prima facie* case of discrimination.

To establish a *prima facie* case of discrimination, a plaintiff must demonstrate that 1) he or she is a member of a protected class; 2) he or she is qualified for the sought after position; 3) he or she suffered an adverse employment action; and 4) similarly situated non-members of the protected class were treated more favorably than he or she, or the circumstances of his or her termination give rise to an inference of discrimination. *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 356 (3d Cir. 1999). All of these facts exists in the case, with or without viewing the facts in a light most

5

favorable to the non-moving party.

### B. Plaintiff was qualified for the sought after position

The Plaintiff was qualified for the position. He met all of the minimum requirements of the job description. Plaintiff had obtained his GED in 1976. He was a certified police officer in Pennsylvania. He had knowledge of the principles and practices of training as he was employed as a police officer for ten years at the Philadelphia Housing Authority and then at the Philadelphia Naval Support Center. The two jobs gave him the qualifications. He was determined to be qualified for the position by the Human Resource Department. *See* Deposition of Taja Jones at 6, 10-22 (Appendix A-1).

The Defendants state that the Plaintiff was not qualified because he had not worked as a certified police officer since 1995. According to Captain Hunt's deposition testimony "Plaintiff was not affiliated with any state agency." *See* Deposition of Captain Hunt at 11, 16-22 (Appendix A-2). However, this is based on Captain Hunt's understanding of the rules of the Delaware Council on Police Training. Under 11 *Del. C.* §8404 (a)(18) the Delaware Council on Police Training also has the authority to afford reciprocity to police officers certified **by the federal government** (emphasis added) and can also waive some or all of the minimum education and training qualifications for police officers under this chapter if they have satisfied substantially equivalent education and training. This is the situation of the Plaintiff. He was employed, as an officer, by a company contracted by the Navy to provide police services for the Philadelphia Naval Support Center. In that position he was required to maintain his police training and firearms qualifications. Defendants admitted that they were unaware of this fact, but Defendant's never afforded Plaintiff the opportunity to provide this information to rebut or explain Defendant's unilateral determination of his lack of

qualification. Plaintiff was never interviewed.

Plaintiff had the experience and training and was qualified for the position. His application and resume was reviewed and determined to be qualified by the Human Resources Department. It followed the guidelines set forth in "How to Apply for a State Job." Plaintiff's application and resume met the minimum guidelines listed for the job posting for Capitol Police Officer III. Neither the job posting for Capitol Police Officer III nor the State of Delaware Class Series Description of Capitol Police Officer III, describe the rule that Captain Hunt relied on to deny Plaintiff an interview. See Job Posting for Capitol Police Officer, State of Delaware Class Series Description of Capitol Police Officer III (Appendix A-4 to A-13). If the minimum guidelines were that a person had to be a "certified officer within the last five years" both of these documents should have included that fact so that the Plaintiff would have known or the Human Resources Department would know if a person was actually qualified for a position before it went to the decision of Captain Hunt. The posting only states the fact that an applicant should have three years "certified officer" experience. It was not until Plaintiff's application and resume was sent over to Captain Hunt, that Plaintiff was determined to be unqualified. It was not because of his skills or training but rather it was determined that he was "not in a certified police position" for a period of five (5) years.

In fact, Plaintiff was not afforded an opportunity to explain so to Captain Hunt, Human Resources or anyone with the Defendants his qualifications. The determination that Plaintiff was unqualified was made by Captain Hunt based only on his understanding of the rules that are set forth by the Delaware Council on Police Training regarding recertification requirements of police officers and his understanding of Plaintiff's qualifications. Captain Hunt did not look at the Council's policy regarding the qualifications needed to go from working with the federal government to the state

qualifications. He made no effort beyond unilaterally denying Plaintiff a position.

### C. **Plaintiff has produced evidence that non-members of his protected class were treated more favorably than he.**

Including the Plaintiff's, Capitol Police collected thirty-one applications for the position of Capitol Police Officer III from July 1, 2002 until June 30, 2003. Of these applicants, 12 men reported that they were African American, 2 reported that they were Hispanic, 14 men reported they were Caucasian, and one man reported his race as "Other." Of these same thirty-one applicants, one female indicated she was African American and one female indicated she was Caucasian.

Plaintiff is able to show as part of his *prima facie* case that two non-African American employees were treated more favorably than he. Thomas Devore, a Caucasian male, and Scott Walker, another Caucasian male, were both hired as a Capitol Police Officer III. *See* Defendant's Answers to Interrogatories. Defendants were unable to produce Scott Walker's application and resume, as it may have been destroyed. However, they did produce Thomas Devore's.

In March of 2003, Thomas Devore applied to be a Capitol Police Officer II. He was deemed not qualified by the Human Resources Department and was instead placed on the register as qualified for Capitol Police Officer I. *See* Thomas Devore's Application, letter of not being qualified for Capitol Police Officer II, and letter of qualified for Capitol Police Officer I. (Appendix A-14 to A-23). According to Defendants Answers to Interrogatories, Thomas Devore was hired in June of 2003 as a Capitol Police Officer III. Clearly if he was not qualified to be a Capitol Police Officer II, he is not qualified for the higher Capitol Police Officer III position, and yet four months after applying and being determined unqualified, he was given that position.

## II.   PLAINTIFF HAS PRODUCED ENOUGH EVIDENCE OF DISCRIMINATION TO DEFEAT SUMMARY JUDGMENT

The Court in *Fuentes* established the standards necessary for Plaintiff to withstand summary judgment after the employer has proffered a legitimate non-discriminatory reason for its employment action. Plaintiff generally must submit evidence, which casts sufficient doubt upon each proffered reason so that the fact finder could reasonably conclude that each reason was a fabrication. Alternatively, Plaintiff must submit evidence, which allows the fact finder to infer that discrimination was more likely than not a motivation or determinative cause of the adverse employment action. *See Fuentes v. Perskie,* 32 F.3d 759 at 764 (3d.Cir 1994).

To defeat Summary Judgement when the Defendant answers the Plaintiff's *prima facie* case by raising a legitimate, non-discriminatory reason for its action, the Plaintiff need only point to some evidence, direct or circumstantial, from which a fact finder could reasonably either 1) disbelieve the employer's articulated legitimate reasons; or 2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. *Id* at 764.

In the present case, the non-discriminatory reason proffered by the employer was that the Plaintiff was "not qualified" for the position of Capitol Police Officer III. Their explanation for why Plaintiff was not qualified was that Plaintiff had not worked in a "certified police officer" position in the past five years. This was based on the fact that the Plaintiff left the Police Department of the Philadelphia Housing Authority in 1995. Plaintiff has raised two separate factual contentions upon which a trier of fact could reasonably conclude that Defendant's proffer was a fabrication and/or that the Defendant's motivation or determination cause was discriminatory. 1) Plaintiff was working as a contractor for the Navy at the Philadelphia Naval Support Center during the critical period.

9

2) Plaintiff received the letter from the Defendant saying that he was qualified for the position.

It wasn't until sometime after his qualification letter was sent that his name was submitted to Captain Hunt and the determination was made that he was not qualified because he had not been a "certified officer" within five years. Captain Hunt testified that he understood the language from the Council on Police Training that such employment was a requirement. *See* Captain Hunt's Transcript at pg 22, 20-21(Appendix A-3). However, no direct determination by the Council was made and the language of the Council makes it clear that the Council has the authority to waive some or all of the minimum requirements to afford reciprocity to police officers employed by the federal government. Plaintiff would qualify under this provision because his most recent employment was at the Naval Support Center was for the federal government. Because Plaintiff's application and resume was not compared to the proper regulation set forth by the Council on Police Training, it adversely affected his employment. Even though Plaintiff had met all of the qualifications listed on the job posting and State of Delaware Class Series Descriptions, he was determined to be unqualified by a requirement that was not mentioned on any on the job information details. None of this was ever disclosed to Plaintiff and he was never afforded an opportunity to explain or correct Captain Hunt's misconception. Meanwhile, Thomas Devore, a Caucasian male, was given the position as Capitol Police Officer III, even though it was determined that he not qualified to be a Capitol Police Officer II according to the job postings and the State of Delaware Class Series Descriptions. *See* State of Delaware Class Series Descriptions (Appendix A-5 to A-12).

## CONCLUSION

Summary Judgment in favor of the Defendants on all claims is not appropriate. Plaintiff can show that he is a member of a protected class. Plaintiff can show that he was qualified for the position. Plaintiff can show that he was found to be qualified for the position by the Human Resources Department and it was not until after they submitted the names of qualified applicants was it determined that he was not qualified because he was not in a "certified police officer" position for over five years. Plaintiff can show that he was denied an interview because of this qualification that was not listed on the job requirements or the State of Delaware Class Series Description. Plaintiff can also show that an unqualified non-member of the protected class was treated more favorably than he when he not only was granted an interview but hired for the position.

_____
R. STOKES NOLTE
Nolte & Associates
1010 N. Bancroft Parkway,
Suite 21
Wilmington, DE 19805
(302) 777-1700
Attorney for Plaintiff, Russell Stewart

DATED: 12-12-05