IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL STEWART, ) | |
| ) | |
| Plaintiff, ) | Civ. No. 04-1200-SLR |
| ) | |
| v. ) | |
| ) | |
| STATE OF DELAWARE, ) | |
| DEPARTMENT OF PUBLIC SAFETY, ) | |
| CAPITOL POLICE, ) | |
| ) | |
| Defendants ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

                                              __/s/ Patricia D. Murphy_____
                                              Patricia D. Murphy (#3857)
                                              Deputy Attorney General
                                              820 N. French Street
                                              Wilmington, DE  19801
                                              (302) 577-8914

DATED:    December 19, 2005

**TABLE OF CONTENTS**

Page

Table of Citations . . . . . . . . . . . . . . . . . . . . . ii

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    PLAINTIFF HAS FAILED TO PRODUCE FACTS
SUFFICIENT TO DEFEAT SUMMARY JUDGMENT
UNDER ARGUMENTS SET FORTH UNDER
TITLE VII . . . . . . . . . . . . . . . . . . . . . 1

        A.    The Plaintiff was not Qualified for the
Position of Police Officer III. . . . . . . 1

        B.    The Plaintiff Cannot Assert the Defendants
Disregarded Past Experience the Plaintiff
Never Disclosed . . . . . . . . . . . . . . 5

        C.    Employer Mistake will not Defeat a Motion
for Summary Judgment. . . . . . . . . . . . 6

    II.   PLAINTIF HAS FAILED TO PRODUCE EVIDENCE THAT
SIMILARLY SITUATED NON-MEMBERS OF HIS PROTECTED
CLASS WERE TREATED BETTER THAN HE. . . . . . . . . 8

**TABLE OF CITATIONS**

Page

*Ezold v. Wolf, Block, Schorr & Solis-Cohen,*
983 F. 2d 509, 531 (3d Cir. 1992). . . . . . . . . . . . . . 7, 8

*Simpson v. Kay Jewelers, Div. of Sterling, Inc.,*
142 F.3d 639, 647 (3d Cir.1998). . . . . . . . . . . . . . . 8

**ARGUMENT**

I.  PLAINTIFF HAS FAILED TO PRODUCE FACTS SUFFICIENT TO DEFEAT SUMMARY JUDGMENT UNDER ARGUMENTS SET FORTH UNDER TITLE VII

   A.  <u>The Plaintiff was not Qualified for the Position of Police Officer III</u>

The Plaintiff has failed to produce evidence that he was qualified for the sought after position. The Plaintiff admits that he did not possess a State of Delaware Council on Police Training Certificate at the time he applied for the position of Police Officer III. An "equivalent" certificate would be a certificate from another State Police Academy held by an applicant that had worked in a certified police officer position within the past five years. *See* Deposition of Captain Hunt at 11, 16-22 (Appendix A-7, A-8 to A-14). Although the Plaintiff did have a certification from the State of Pennsylvania, he had not worked in a certified officer position since 1995, eight years before he applied for the Police Officer III position. He therefore did not meet the minimum qualification requirements for this position at the time he applied.

The Plaintiff now argues that the Defendant was mistaken about the requirements for the position. Specifically, the Plaintiff argues that an applicant need not have worked in a certified police officer position within the past five years in order to hold an "equivalent" certification. However, the

1

Plaintiff provides no evidence to support this allegation. The Plaintiff argues in his Answering Brief that even though Captain Hunt was the final decision maker on whether or not an applicant was qualified for this position under the Council on Police Training requirements for certification, the Delaware Council on Police Training would have offered the Plaintiff reciprocity, waiving some or all of their education and training qualifications for him, and found that the Plaintiff's education and training was substantially equivalent to the Delaware requirements. Again, the Plaintiff does not point to a single fact in evidence supporting the unusually benevolent treatment he expected from the Council on Police Training. To the contrary, the facts on the record are clear that when an officer is certified in another state and has not worked in a certified officer position for more than five years, he is not in possession of a certification "equivalent" to a Delaware certification. *See* Deposition of Captain Hunt at 11, 16-22 (Appendix A-7, A-8 to A-14). Further, the Plaintiff rests his argument on language indicating these waivers are available to officers "certified by the federal government." *See* Plaintiff's Answering Brief at 6. However, the Plaintiff cannot produce any evidence that he was certified by the federal government, and would therefore be entitled to any such waiver. The Plaintiff argues that "Plaintiff would qualify under this provision

2

because his most recent employment was at the Naval Support Center was for the federal government." See Plaintiff's Answering Brief at 10. This assertion is wrong on two counts. First, the provision applies to federally certified officers, not officers working for the federal government. Second, there is no evidence on this record that indicates that the Plaintiff ever worked for the federal government. In fact, the Plaintiff has produced W-2s indicating that he was working for private corporations, and not for the government, during this time.

The Plaintiff states that Captain Hunt's determinations of qualification are based on his understanding of the Delaware Council on Police Training requirements. However, the Plaintiff has provided no evidence that Captain Hunt's understanding is anything other than entirely correct.

The Plaintiff implies in his Answering Brief that Captain Hunt deemed the Plaintiff not qualified merely because the Plaintiff was not working with any state agency. In fact, Captain Hunt clearly stated that a qualified applicant would have worked as a certified officer in the past five years, and in his experience, federal government officers are not usually certified officers. Rather, according to the only evidence on this record, federal government officers are usually contractual security workers, not certified police officers. See Deposition of Captain Hunt at 11, 16-22 (Appendix A-7, A-8 to A-14). This

3

is exactly the case of the Plaintiff. In his Answering Brief, the Plaintiff himself admits (at one point) that he did not work for the Federal government, but rather, that he worked for "a company contracted by the Navy to provide police services for the Philadelphia Naval Support Center." *See* Plaintiff's Answering Brief at 6. Further, the Plaintiff's resume indicates he was employed by Lockheed Martin and Sectek Protective, private companies.

The Plaintiff cannot provide any evidence that he was "certified by the federal government" during this time, as required by the Delaware Council on Police Training. Working for a private company, under contract, is exactly the situation Captain Hunt testified was not sufficient to meet the requirement of working as a certified officer. The fact that the Plaintiff was working for a private company as a security guard indicates that this was not a certified federal officer position. *See* Deposition of Captain Hunt at 11, 16-22 (Appendix to Opening Brief at A-7 to A-14).

The Plaintiff is required to prove that he was qualified for the position of Police Officer III. The totality of the evidence on this record indicates that this position required an applicant with an out-of-state certification have worked as a certified officer within five years of applying. The Plaintiff now asserts, for the first time, that he worked for a private

4

company under contract with the Philadelphia Naval Support Center, and this would qualify him.  However, the Plaintiff cannot produce any evidence that this employment would qualify as "certified officer" work within the meaning of the Delaware Council on Police Training requirements.

### B. The Plaintiff Cannot Assert the Defendants Disregarded Past Experience the Plaintiff Never Disclosed

Despite the complete lack of evidence supporting the Plaintiff's argument, even if it is assumed that Captain Hunt is mistaken and working as a security guard counts as a federally certified police work, the Plaintiff cannot prove that the Defendants knew that the Plaintiff was so employed, and disregarded that information in denying him an interview.  The Plaintiff's resume on file with the State indicates that his time spent at the Naval Support Center was in the capacity of "Security Officer," by definition, not a certified police officer position.  In his Answers to Discovery, the Plaintiff himself qualifies this position as "Security Police."  *See* Plaintiff's Answers to Interrogatories.  Finally, the Plaintiff argues that he believed these security officer positions should count as certified police officer positions.  However, the Plaintiff argues he was not given the opportunity to explain this to the Defendants because he was not granted an interview.

5

The fact is that the Plaintiff never alerted the Defendants to his belief that these positions qualified him for the position of Police Officer III.  When the Plaintiff decided to resign from the Capitol Police, he wrote a letter to his supervisor.  This letter was produced by the Defendants in the course of discovery.  The Plaintiff cannot provide any correspondence wherein he alerted the Defendants to his belief that he was qualified for the position.

The Plaintiff's previous work experience as a security officer for a private company that happened to place him at the Naval Support Center in Philadelphia did not rise to the level of "certified police officer" work required to qualify him for the position of Police Officer III.  Further, the Plaintiff never communicated to the Employer his belief that it did so qualify him.

    C.    <u>Employer Mistake will not Defeat a Motion for Summary Judgment</u>

It is the Employers' position that the Plaintiff was not offered an interview because he was not qualified for the position of Police Officer III.  To discredit the employer's proffered reasons, plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual

dispute at issue is whether discriminatory animus motivated the employer's decision not whether the employer is wise, shrewd, prudent or competent.  *Ezold v. Wolf, Block, Schorr & Solis-Cohen,* 983 F. 2d 509, 531 (3d Cir. 1992).  In the instant action, the Plaintiff simply states that the employer's decision was wrong.  The Plaintiff has provided no evidence of discriminatory animus that could have motivated any discriminatory action on the part of the Defendants.  There has been no evidence provided by the Plaintiff indicating that race played any part in the Employers' decision not to grant him an interview.

II.  PLAINTIF HAS FAILED TO PRODUCE EVIDENCE THAT SIMILARLY SITUATED NON-MEMBERS OF HIS PROTECTED CLASS WERE TREATED BETTER THAN HE

In his Answers to Discovery, the Plaintiff alleged that only Caucasian applicants were granted interviews. There has been no evidence produced by the Plaintiff to back up this claim. To the contrary, the Defendants have produced evidence that two members of the Plaintiff's protected class were offered interviews for this position. In his Answering Brief, the Plaintiff now claims that Thomas DeVore, a Caucasian applicant for the position of Police Officer III was a similarly situation, non-member of his protected class that was treated more favorably than he because he was awarded the position the Plaintiff was not qualified for. "In determining whether similarly situated non-members of a protected class were treated more favorably than a member of the protected class, the focus is on the particular criteria or qualifications identified by the employer as the reason for the adverse action." *Simpson v. Kay Jewelers, Div. of Sterling, Inc.,* 142 F.3d 639, 647 (3d Cir.1998) (citing *Ezold v. Wolf, Block, Schorr & Solis-Cohen,* 983 F.2d 509, 528 (3d Cir.1993)). In the instant action, Thomas DeVore was qualified for the position of Police Officer III, and the Plaintiff was not. Thomas DeVore possessed an out-of-state certification, just like the Plaintiff. *See* Appendix to Plaintiff's Answering Brief at A-17. Unlike the Plaintiff,

8

Thomas DeVore had worked as a certified officer in the five years preceding his application for the position of Police Officer III. Thomas DeVore was working as a certified police officer with the Fenwick Island Police Department at the time of his application. *See* Appendix to Plaintiff's Answering Brief at A-15. The Plaintiff was working as a security guard in the five years preceding his application. Thomas DeVore was attending the Delaware Police Academy in an attempt to obtain a Delaware certification at the time of his application. *See* Appendix to Plaintiff's Answering Brief at A-17. The Plaintiff never enrolled in the Delaware Police Academy in an attempt to become certified in Delaware. Finally, Thomas DeVore obtained his Delaware certification from the Delaware Police Academy on May 13, 2003, before he was awarded the position of Police Officer III.

Plaintiff's entire argument with regard to Thomas DeVore is that Mr. DeVore's file contained a letter indicating he was not qualified for a position as Police Officer II. Obviously, this letter was sent in error. In the same manner, the Plaintiff received a letter indicating he was qualified for the Position of Police Officer III when he was not. Mistakes made by the Employer do not in and of themselves rise to the level of discrimination. The burden remains on the Plaintiff to provide direct evidence of discriminatory animus on the part of the

9

Employer. In this case, the Plaintiff has not provided a single piece of evidence of discriminatory animus. Summary Judgment is appropriate on all counts.

        __/s/ Patricia D. Murphy_____
        Patricia D. Murphy (#3857)
        Deputy Attorney General
        820 N. French Street
        Wilmington, DE  19801
        (302) 577-8914

Dated:   December 19, 2005